IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
MAR 0 7 2013
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | CRIMINAL NO. 12-30198-DRH |
| vs. )<br>) | |
| CYMICA GRANT, )<br>) | |
| Defendant. ) | |

## STIPULATION OF FACTS

1. The Illinois Department of Employment Security (hereinafter "IDES") operated the State of Illinois unemployment insurance (hereinafter "UI") program, which was an employer-funded program providing temporary income replacement for individual workers who lost their jobs through no fault of their own.

2. The administrative costs incurred by IDES were funded primarily by the federal government. The unemployment insurance benefits paid by IDES were funded primarily by contributions from employers and, during times of high unemployment, by the United States Treasury.

3. Illinois law required that IDES pay UI payments in accordance with regulations prescribed by IDES.

4. After a worker became involuntarily unemployed, he or she was entitled to make a claim for UI benefits. To make a claim, a worker went to an IDES office and completed and signed various benefit application forms, which set forth, among other things, the name of the

worker's employer and the worker's name and Social Security number. An IDES employee entered into the IDES computer system information submitted by the worker.

5. Once IDES approved a claimant to receive UI payments, a UI claimant was required, approximately every two weeks, to certify over the telephone, through the use of a personal identification number ("PIN") unique to each claimant, certain information in order to continue receiving UI payments (hereinafter "IDES certification process").

6. As part of the IDES certification process, an automated telephone service asked the UI claimant a number of questions, including: (1) whether the UI claimant had worked during the certification period; (2) whether the UI claimant was able to work; (3) whether the UI claimant was available for work; and (4) whether the UI claimant was actively looking for work during the certification period.

7. IDES relied on the UI claimant's telephonic answers to the certification questions in determining whether to continue paying UI benefits to the claimant, and if so, the amount of the benefits.

8. Defendant was employed by Bravo Care of Edwardsville, Inc. from July 2008 through June 2009 while collecting UI, including from on or about July 12, 2008, through on or about June 27, 2009.

9. Defendant was employed by Community Care Center and Bethesda Health Group from December 2009 through January 2010, including from on or about January 2, 2010, through on or about January 23, 2010.

10. From on or about July 12, 2008, through on or about June 27, 2009, in St. Clair County, Illinois, defendant knowingly converted to her own use approximately $24,252.00 in UI

2

payments from IDES, and from on or about January 2, 2010, through on or about January 23, 2010, defendant knowingly converted to her own use approximately $2,165.00 in UI payments from IDES.

11. The money defendant knowingly and willfully stole, purloined and converted belonged to the United States of America and was administered by the Illinois Department of Employment Security. Defendant intended to deprive the United States of the use or benefit of the money.

12. The defendant was not entitled to receive the $26,417.00 in UI payments described above.

13. The defendant has accepted full responsibility for her conduct in a timely manner.

STEPHEN R. WIGGINTON
United States Attorney

_____
CYMICA GRANT
Defendant

_____
KATHERINE L. LEWIS
Assistant United States Attorney

_____
CHRISTOPHER P. THRELKELD
Attorney for Defendant

Date: 3/7/13

Date: 3/7/13

3